IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephanie Rumph, | C/A No. 8:14-2122-JMC-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Carolyn W. Colvin, Commissioner Social Security Administration; John Lee, | for partial disposition |
| Defendants. | |

Stephanie Rumph ("Plaintiff"), proceeding pro se, brings this action to appeal a denial of social security benefits. Plaintiff is a non-prisoner, and she files this action *in forma pauperis* under 28 U.S.C. § 1915. Defendant John Lee, allegedly the Social Security Administration ("SSA") Regional Chief Counsel for Region Three, should be summarily dismissed from this action.

### Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, a portion of the pro se pleading

remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Discussion

Plaintiff apparently brings this action based upon the Commissioner's decision to deny her request for SSI benefits. [Doc. 1 at 3–10; Doc. 18 at 1.] In addition to naming the Commissioner of Social Security as a Defendant, she names an individual alleged to be an employee of the SSA, John Lee.  Defendant Lee should be dismissed because Plaintiff improperly named him as a Defendant.  Congress provided that an individual who is not satisfied with a Commissioner's final decision related to a request for benefits may file an action against the Commissioner in the United States District Court to appeal the Commissioner's decision, but the officers or employees of the SSA may not be sued under § 1331 or § 1346.  *See* 42 U.S.C. § 405(g), (h).  In other words, the Social Security Act precludes an action for money damages against officials responsible for the denial of benefits.  *See Cunningham v. Soc. Sec. Admin.*, 311 F. App'x 90 (10th Cir. 2009) (holding that no action can be brought against an employee of the Commissioner of the SSA to

recover on a claim related to a denial of benefits); *Guess v. Motycka*, C/A No. 3:12-1092-CMC-PJG, 2012 WL 4586918, at *3 (D.S.C. Aug. 24, 2012) (holding that Plaintiff could not bring a *Bivens* or Federal Tort Claims Act action against Motycka, who worked for the SSA, based on the SSA's denial of disability benefits), *adopted by* 2012 WL 4511265 (D.S.C. Oct. 2, 2012).

<u>Recommendation</u>

It is recommended that the District Court dismiss Defendant John Lee from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This action remains pending, and, at this time, service of process is authorized for Defendant Carolyn W. Colvin, Commissioner Social Security Administration. **Plaintiff's attention is directed to the important notice on the next page.**

July 14 , 2014  
Greenville, South Carolina

s/Jacquelyn D. Austin  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).