IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Stephanie Rumph, ) | Case No. 8:14-cv-02122-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Carolyn W. Colvin, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court the Commissioner's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. [Doc. 34.] Plaintiff is proceeding pro se. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed by individuals proceeding pro se and to submit findings and recommendations to the District Court.

**Background**

Plaintiff filed this action on May 30, 2014, asserting that she had problems participating in a hearing with the Social Security Commission due to difficulties with her TracFone. [Doc. 1 at 3.] Plaintiff is seeking an award of $995.00 a month to obtain necessary medical testing and basic necessities. [*Id.* at 10.]

On November 25, 2014, the Commissioner filed a motion to dismiss Plaintiff's complaint alleging Plaintiff has failed to exhausted her administrative remedies and that there has been no "final decision after a hearing" in this case pursuant to the Social Security Act ("The Act"). [Doc. 34-1 at 2.] Plaintiff filed a response in opposition on

December 15, 2014 [Doc. 38] and a supplemental response in opposition on January 30, 2015 [Doc. 41]. The motion is now ripe for consideration.

## APPLICABLE LAW

**Liberal Construction of Pro Se Pleadings**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

*Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's

resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

Generally, challenges to jurisdiction under Rule 12(b)(1) may be raised in two ways: "facial attacks" and "factual attacks." *See Thigpen v. United States*, 800 F.2d 393, 401 n.15 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988). A facial attack questions whether the allegations in the complaint are sufficient to sustain the court's jurisdiction; the court analyzes a facial attack as it would a motion to dismiss under Rule 12(b)(6) such that "[t]he allegations in the complaint are taken as true, and materials outside the pleadings are not considered." *Id.* A "factual attack" challenges the truthfulness of the jurisdictional allegations in the complaint, *id.*, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). To prevent dismissal, "the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Id.* (citing *Trentacosta*, 813 F.2d at 1559); *see also Dira v. Deutch*, 149 F.3d 1167, 1998 WL 276236, at *1 (4th Cir. 1998) (unpublished table decision) ("When such 'factual' challenges are asserted, a trial court may go beyond the allegations of the complaint, weigh the evidence, and satisfy itself as to its jurisdiction to hear the case."). A dismissal should only be granted in those instances in which "the material jurisdictional facts are not in dispute and the moving party is entitled

3

to prevail as a matter of law." *Richmond, Fredericksburg*, 945 F.2d at 768 (citing *Trentacosta*, 813 F.2d at 1558).

## DISCUSSION

Plaintiff alleges she missed her hearing before the Administrative Law Judge ("ALJ") due to problems with her TracFone. [Doc. 1.] Plaintiff claims she tried several times to connect but could not. [*Id*. at 3.] Plaintiff also claims that ALJ Walter Herin should have obtained call detail records from TracFone to confirm her story. [*Id*.] Plaintiff alleges that the ALJ left her a voice mail message on December 14, 2012, indicating he had called her five to six times in the last 25 minutes and that her hearing was at 2:45 pm. [*Id.* at 6.] When Plaintiff finally got through, the hearing was over. [*Id*. at 7.] Plaintiff claims she left several messages for the ALJ on March 14, 2013; March 13, 2013; February 24, 2014, and other dates which can be confirmed by the ALJ obtaining records from TracFone, but she never heard back. [*Id*. at 8.] Plaintiff also claims she sought Appeals Council ("the Council") review but was denied. [*Id*. at 9.] In support of her motion, Defendant provided the declaration of Kathie Hartt ("Hartt") of the Social Security Administration's ("the Administration") Court Case Preparation and Review Branch 2 of the Office of Disability Adjudication and Review.[1] [Doc. 34-2.] The Hartt declaration provides as follows:

> (a)   The plaintiff filed an application for Supplemental Security Income on March 18, 2010. The plaintiff's application was initially denied on February 17, 2011. On October 2, 2011, the claim was denied again on reconsideration. The plaintiff filed a timely request for hearing.

---

[1]The Court notes that the facts contained in the Hartt Declaration appear to be consistent with Plaintiff's allegations and are not in dispute.

    (b)    On September 24, 2012, the plaintiff was mailed a Notice of Hearing, indicating that the hearing would be held on December 14, 2012. The plaintiff acknowledged receipt of the Notice of Hearing on September 27, 2012.

    (c)    On December 14, 2012, a Notice to Show Cause for Failure to Appear was sent to plaintiff because she did not appear at her scheduled hearing. The plaintiff responded to the notice on December 27, 2012.

    (d)    On January 4, 2013, Administrative Law Judge Herin issued a Notice of Dismissal because the Plaintiff did not appear at the hearing.

    (e)    The plaintiff filed a timely request for review of the Administrative Law Judge's dismissal on March 5, 2013.

    (f)    The Appeals Council denied the request for review on March 12, 2013. The denial notice did not give the plaintiff the right to file a civil action.

    (g)    On May 30, 2014, the plaintiff filed a civil action in the United States District Court for the District of South Carolina.

[Doc. 34-2 at ¶ 3 (internal citations omitted).]

Congress has explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with § 405(g) which authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The Commissioner's regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). Thus, to obtain a judicially reviewable "final decision after a hearing," claimants must pursue administrative appeal rights in accordance with the regulations. 20 C.F.R. §§ 416.1405, 1421, 1455, and 1481. The Commissioner argues that because the ALJ dismissed Plaintiff's request for hearing on January 4, 2013, and the

Council denied her request to review the ALJ's dismissal, Plaintiff's October 3, 2011, Notice of Reconsideration is still in effect, and, thus, Plaintiff has not exhausted her administrative process. [Doc. 34-1 at 4; *see also* Doc. 34-2 at 44.] The Court agrees this appeal should be dismissed as premature because Plaintiff has failed to exhaust her administrative remedies.

As stated above, the Act authorizes judicial review of adverse decisions rendered by the Commissioner. 42 U.S.C. § 405(g). However, prior to judicial review in federal court, a plaintiff must exhaust his administrative remedies and receive a "final" decision from the Commissioner. *Weinberger v. Salfi*, 422 U.S. 749, 763–65 (1975). Under the Administration's regulations, the decision about which Plaintiff complains is an initial determination, not a final decision. *See* 20 C.F.R. §§ 416.1400(a)(1), 416.1402(c). Under the Social Security regulations, a plaintiff must ask for reconsideration of an initial determination and, if that is not successful, then for a hearing before an ALJ. *Id*. §§ 416.1400(a)(2)(3), 416.1407, 416.1429. If the ALJ renders an unfavorable decision, the plaintiff must request review by the Council. *Id.* §§ 416.1400(a)(4), 416.1467. The Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner, or the Council may grant the request and issue its own decision. *Id*. § 416.1467. In either event, the decision of the Council is considered the Commissioner's "final" decision, thus, allowing a claimant to seek judicial review in federal court. *Id*. §§ 416.1400(a)(5), 416.1481. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Sims*

*v. Apfel*, 530 U.S. 103, 107 (2000) (citing *Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986)).

It is clear from the facts of the Complaint and the undisputed facts presented in the Hartt Declaration that Plaintiff has failed to exhaust her administrative remedies before the Administration and failed to obtain a judicially reviewable "final decision." Therefore, this Court does not have subject matter jurisdiction over Plaintiff's claim. *See* 42 U.S.C. § 405(g); *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite."); *see also Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984) (holding that the district court's dismissal was appropriate because the plaintiff had failed to exhaust her administrative remedies).

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends GRANTING Defendant's motion to dismiss.

IT IS SO RECOMMENDED.

S/Jacquelyn D. Austin
United States Magistrate Judge

September 3, 2015
Greenville, South Carolina