**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | |
|---|---|
| Stephanie Rumph, ) | |
| ) | Civil Action No. 8:14-cv-02122-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Stephanie Rumph ("Plaintiff") filed this pro se action seeking a judicial review of the final decision by the Commissioner of Social Security ("Commissioner") pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) The matter is before the court for review of the Magistrate Judge's Report and Recommendation, filed on September 3, 2015, recommending that this court grant the Commissioner's motion to dismiss Plaintiff's complaint (ECF No. 34), on the ground that the court lacks jurisdiction because Plaintiff filed this action before exhausting her administrative remedies. (ECF No. 45 at 4-7 (citing 42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *Bowen v. City of New York*, 476 U.S. 467, 482–83 (1986); *Heckler v. Ringer*, 466 U.S. 602, 618–19 (1984); *Mathews v. Eldridge*, 424 U.S. 319, 327(1976); *Weinberger v. Salfi*, 422 U.S. 749, 763–65 (1975); 20 C.F.R. §§ 416.1400(a)(1)-(4), 1402(c), 1405, 1407, 1421, 1429, 1455, 1467, 1481).) For the reasons set forth below, the court **ACCEPTS** the Report and Recommendation (ECF No. 45), **GRANTS** the Commissioner's motion to dismiss (ECF No. 34), and **DISMISSES** the complaint (ECF No. 1).

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge

1

makes only a recommendation to this court, which has no presumptive weight. Thus, the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See Vitek v. Finch,* 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson,* 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen,* 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek,* 438 F.2d at 1157-58.

Plaintiff was advised of her right to file specific written objections to the Report and Recommendation within 14 days of the date of service. (ECF No. 45-1 (citing 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)).) Plaintiff filed an untimely objection on October 5, 2015,[1] which the court reviews for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

After a thorough review of the record, the court finds the Report and Recommendation provides an accurate summary of the facts and law and does not contain any clear error.[2] Therefore, the court **ACCEPTS** the Report and Recommendation (ECF No. 45). The Commissioner's motion to dismiss (ECF No. 34) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

January 11, 2017
Columbia, South Carolina

---

[1] The Report and Recommendation was served on Plaintiff when the clerk's office placed it in the mail on September 3, 2015. (*See* ECF No. 46); Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing . . . ."). Thus, Plaintiff's objections were due on or before September 21, 2015. *See* Fed. R. Civ. P. 6(a) (providing applicable rules for computing time period); Fed. R. Civ. P. 6(d) (providing three additional days to period "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)" by mail). Although in her objection, Plaintiff appears to state that she mailed the objection on September 19, 2015 (*see* ECF No. 48 at 1), the clerk's office stamped the objection as received on October 5, 2015 (*see id.*; ECF No. 48-1). Because Plaintiff is not a prisoner, she is not afforded the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266, 276 (1988), and her objection is deemed filed on the date the clerk's office received it. *See Torras Herreria y Construcciones, S.A. v. M/V Timur Star*, 803 F.2d 215, 216 (6th Cir. 1986); *Wise v. Ozmint*, No. 6:13-cv-3414-RMG, 2015 WL 3902192, at *3 (D.S.C. June 24, 2015); *Gerald v. Lee*, No. 4:12-cv-02516-RBH, 2012 WL 6727357, at *1 (D.S.C. Dec. 28, 2012). Accordingly, the court finds that Plaintiff filed her objection after the period for doing so expired.

[2] The court notes that, in her objection, Plaintiff requests that the matter be remanded to the Commissioner so that she may obtain a hearing before an Administrative Law Judge. (*See* ECF No. 48, *passim*.)